No. 611

STANDEN v. SCHNOOR et

Ohio Appeals, 6th Dist., Ottawa Co.

No. 80. Decided May 25, 1925

829. NEGLIGENCE — One owning and maintaining a public place of business has duty of keeping it and passage way thereof, in a reasonably safe condition, and to use ordinary care to avoid accidents or injure those rightfully entering upon his premises.

YOUNG, J.

Belle Standen brought her action in the Ottawa Common Pleas against William Schnoor et al, claiming damages for personal injuries alleged to have been sustained by her falling into an elevator shaft located in the rear of Schnoor's storeroom.

It was alleged by Standen that Schnoor maintained two rear entrances in his general store which were used as means of ingress and egress by patrons regularly. That at the time the accident occurred, she was entering one of the entrances and without fault of her own, was participated through said elevator shaft to the floor below and was severely injured.

It was claimed that the accident was due to failure of Schnoor to maintain guard rails around the shaft, and in failing to have elevator level with the floor of the store where entrance was located. Schnoor averred that the accident was due wholly to fault of Standen. The court directed a verdict for Schnoor

and judgment was rendered thereon. Error was prosecuted and the Court of Appeals held:

1. The implied invitation to the public requires Schnoor to use ordinary care in keeping the premises in a reasonably safe condition.

2. Standen in this case being an invitee, the duty rested upon Schnoor to use ordinary care in keeping premises free from dangers which were not discernible by a prudent person using ordinary care under the circumstances.

3. There was evidence tending to show negligence on the part of Schnoor, and if there is any evidence tending to prove the allegations of the petition, the case should be submitted to the jury. Judgment reversed and cause remanded.

Attorneys—Lawrence C. Rupp, Port Clinton and John Weber and Arthur Van Epp, Medina for Standen; True, Crawford & True, Port Clinton, for Schnoor et.